2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don Lawrence ZAPANTA, Defendant-Appellant.
 No. 92-50711.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Lawrence Zapanta appeals his fifteen-month sentence imposed following his guilty plea for transferring counterfeit currency in violation of 18 U.S.C. Secs. 472, 473. Zapanta contends that the trial court erred by refusing to hold an evidentiary hearing on whether the government improperly refused to make a motion for a downward departure based on substantial assistance to an investigation pursuant to U.S.S.G. Sec. 5k1.1. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742(b), and we affirm.[1]
 
 
 3
 Before sentencing, Zapanta argued that the government's refusal to file a motion for downward departure based on substantial assistance was a breach of the agreement he had entered into with government agents. Zapanta argued that the government's alleged breach entitled him to relief pursuant to Santobello v. New York, 404 U.S. 257 (1971). The trial court found that there was no factual basis underlying Zapanta's motion and denied his request for an evidentiary hearing.
 
 
 4
 On appeal, Zapanta abandons the claim presented to the trial court and claims for the first time that the prosecutor's refusal to file a substantial-assistance motion was a result of "vindictive prosecution." Zapanta argues that the "vindictive prosecution" constitutes an unconstitutional basis for the government's refusal to file a substantial-assistance motion; therefore, the district court erred by failing to hold an evidentiary hearing on this issue pursuant to Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 
 
 5
 We may review on appeal issues not raised before the trial court only "if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990); see also United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). Further exception may be made when plain error has occurred and an injustice might otherwise result. See Fed.R.Crim.P. 52; United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984).
 
 
 6
 Zapanta did not request the trial court to consider whether the prosecutor's refusal to file a substantial-assistance motion was based on prosecutorial vindictiveness. Zapanta does not suggest that a relevant change in the law occurred while the appeal was pending. Nor does Zapanta point to an 'exceptional circumstance,' and we discern none from the record, why the matter was not raised before the trial court. Moreover, the determination of whether the prosecutor's conduct amounted to prosecutorial vindictiveness is necessarily a fact-dependent inquiry. See United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991) ("To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such."). Accordingly, we decline to reach the merits of Zapanta's claim. See Smith, 905 F.2d at 1302; Carlson, 900 F.2d at 1350.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's motion to file a late brief is granted and Appellee's Brief received July 7, 1993, is ordered filed